IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-219 |
| | ) | |
| ORONDE SHELTON | ) | |

**DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT AND DISMISS ITS CONTENTS CHARGING A VIOLATION OF 18 U.S.C. §924(e)**

AND NOW, comes the defendant Oronde Shelton by his attorney, and with respect to the above-captioned matter, he represents the following:

1. Count One of the Indictment fails to state an offense under 18 U.S.C. §924(e), such that – as a matter of law – that the Armed Career Criminal Act does not apply in this case.

2. The issue raised herein relates to whether, as a matter of law, 18 U.S.C. §924(e), i.e., the Armed Career Criminal Act, applies in this case.

3. Because it does not apply, the statutory range of imprisonment for the charged violation of 18 U.S.C. §922(g)(1) is – pursuant to 18 U.S.C. §924(a)(2) – 0 to 10 years.

4. But if §924(e) applies, then the statutory range of imprisonment is "not less than fifteen years".

5. In that regard, in 924(e)(1) Congress says that

> "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years."

6. The previous convictions which are at issue in this Motion are the ones in ¶¶ 12 and 13 of Count One of the Indictment, i.e., they are

> "12. Possession of a Controlled Substance with Intent to Deliver, on or about November 30, 1992, in the Court of Common Pleas of Allegheny County, Pennsylvania, at Criminal Number 1991-09945;
> 13. Possession of a Controlled Substance with Intent to Deliver, on or about November 30, 1992, in the Court of Common Pleas of Allegheny County, Pennsylvania, at Criminal Number 1991-04710."[1]

7. Appended hereto as Exhibits A and B, respectively, are the Informations in the ¶ 12 and ¶ 13 Allegheny County cases.

8. Mr. Shelton – in connection with the within Motion – demonstrates that neither of the offenses in the ¶ 12 and ¶ 13 cases is an "ACCA" predicate, i.e., he shows that neither of them is a "serious drug offense", as that term is defined in §924(e)(2)(A)(ii).

9. In particular, he demonstrates that the offenses charged in the ¶ 12 and ¶ 13 Information are not

> "offense[s] under State law, involving . . . possessing with intent to . . . distribute a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802) . . ."

10. In that regard, the substance which the government will contend was in the ¶¶ 12 and 13 cases as being listed in §802(17) is

> "(D) Cocaine, its salts, optical and geometric isomers, and salts of isomers."

11. But the range of substances in the ¶ 12 and ¶ 13 Informations, which are defined in 35 P.S. §104(2)(i)(4) as

> "Coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation

---

[1] In the above-captioned matter, Mr. Shelton did not file a Motion for a Pre-Plea Pre-Sentence Investigation Report; he did not do so because, for the previous conviction which is named in Paragraph 1 of Count One of the Indictment, this Court and the parties already have a Pre-Sentence Investigation Report – the sentence in that case forming the legal foundation for the pending Petition on Supervised Release which has, as its factual basis, the conduct charged in the above-captioned matter.

>thereof which is chemically equivalent or identical with any of these substances, but shall not include decocainized coca leaves or extracts of coca leaves, which extracts do not contain cocaine or ecgonine"

is broader than, and more inclusive than the range of substances which are defined in 21 U.S.C. §802(17)(D).

12. Because the Pennsylvania range of substances is broader than, and more inclusive than the federal range of substances, the convictions in the ¶ 12 and ¶ 13 cases do not qualify as "serious drug offenses" under §924(e)(2)(A)(ii).

13. That they do not qualify is demonstrated, shown, and borne out in the Memorandum of Law In Support of the within Motion which Mr. Shelton will file on or before July 5, 2022.

14. The legal effect of the ¶ 12 and ¶ 13 offenses not being "serious drug offenses" under §924(e)(2)(A)(ii) is that Mr. Shelton does not "ha[ve] three previous convictions for a violent felony or a serious drug offense, or both".

15. Accordingly, 18 U.S.C. §924(e) does not apply, and the statutory range of imprisonment in this case for the charged §922(g)(1) offense is – pursuant to §924(a)(2) – 0 to 10 years.

16. Rule 7(d) of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment."

17. Furthermore, Rule 12(b)(3)(A)(v) of those Rules provides that

>"[t]he following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits: . . . failure to state an offense . . . ."

18. In that regard, because the statutory enhancement in §924(e) is based on an averment of fact to the effect that the substance in the ¶ 12 and ¶ 13 convictions is a "controlled substance

(as defined in . . . 21 U.S.C. Section 802)" relates to a matter which is beyond the scope of Mr. Shelton's prior criminal record, it relates to a matter which makes a §922(g)(1)/924(a)(2) offense a lesser included offense of a §922(g)(1)/924(e) offense. *See*, e.g., *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

WHEREFORE, the defendant Oronde Shelton respectfully requests that the Court strike as surplusage from the Indictment the averment that conduct at issue in this case violates 18 U.S.C. §924(e). Mr. Shelton further respectfully requests that the Court dismiss the greater §922(g)(1)/924(e) offense, and that the Court proceed solely on the lesser included §922(g)(1)/924(a)(2) offense.

        Respectfully Submitted,

        /s/Thomas Livingston
        Thomas Livingston
        Attorney for Oronde Shelton