IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

Criminal No. 2:21-cr-00216-CCW-1

ORONDE SHELTON

**DEFENDANT'S MOTION TO DISMISS 922(g)(1) CHARGE**

AND NOW COMES Defendant, Oronde Shelton, by and through his attorney Paul Jubas, Esquire, and respectfully asserts the following in support of his Motion to Dismiss 922(g)(1) Charge:

Mr. Shelton's conduct is not currently protected by the Second Amendment based on the Court's February 8, 2023 Opinion:

> Even if Mr. Shelton had been able to satisfy the first and third elements of the justification defense, which he has not, the Court has not located any case law indicating that the defense is available at all with respect to the charge in Count 2 of the indictment, specifically, possession of a machinegun in violation of 18 U.S.C. 922(o). This makes sense because unlike 922(g)(1), which prohibits a class of persons, specifically individuals with a "prior felony conviction, from possessing a firearm, 922(o) prohibits anyone, even law-abiding individuals, from possessing a machinegun. Consequently, it would be nonsensical for there to be an exception for "justified' possession of a machinegun.

*See* 2/8/23 Opinion at 10, fn 2.

However, if this Court grants Mr. Shelton's Motion to Dismiss 18 U.S.C. § 922(o) Charge[1], then Mr. Shelton would be able to assert a Second Amendment, as-applied constitutional challenge to his 922(g)(1) charge.

---

[1] Mr. Shelton's Motion to Dismiss 922(o) Charge (ECF No 175), is attached hereto as Exhibit D1. The Second Amendment argument made in this motion tracks the same Second Amendment argument that he makes with regard to dismissal of the § 922(g)(1) charge.

On June 6, 2023, the Third Circuit Court of Appeals issued its decision in *Range*. The two main rulings from *Range* were: (1) that Mr. Range was one of "the people"; and (2) that the Government did not carry its burden of showing that our Nation's history and tradition of firearm regulation support disarming [Mr.] Range. *Id*.

The holdings from *Range* abrogate Third Circuit Second Amendment jurisprudence. *See Range* at 10. Prior to *Range*, this and other courts in the Western District have cited the *Minter* case favorably in the 922(g)(1) context. However, "[A] federal district court … must follow decisions of the court of appeal as in the same circuit in reference to the decisions of all other courts, state or national, unless there is a contrary decision by the U.S. Supreme Court." *See* Bryan A. Garner, er al., The Law of Judicial Precedent, 491 *6-7 (Bryan A. Garner ed., 2016).

*Minter* recognized the two polestars from *Bruen*. "A Court must therefore first address the Amendment's plain text covers the individual's conduct at issue and, if it determines the conduct is covered, engage in an analysis of whether the Government has affirmatively demonstrated that the regulation at issue is consistent with this Nation's historical tradition of firearm regulation." *Minter*, 2022 U.S. Dist. LEXIS 190390 * 4.  However, *Minter* never addressed the first part, "[T]he Court here need not engage in an original analysis of whether the Second Amendment's plain text covers the possession of a firearm by a felon….". *Id*. at 8. Its did not undertake that analysis because, in its view, the second component of a *Bruen* analysis had already been answered. *Id*. at 9. Minter began with the dicta from *Heller* about "longstanding prohibitions one the possession of firearms by felons." *Heller*, 554 U.S. at 626-627.

*Range* tells us that *Minter* was wrong. "[W]e reject the Government's contention that only 'law-abiding, responsible citizens' are counted among 'the people' protected by the Second

Amendment. *Heller* and its progeny lead us to conclude that [Mr. Range] remains among 'the people' despite his 1995 false statement conviction." *Range*, at 13. The *Range* court held "the Second Amendment's plain text covers [Mr. Range's] conduct,' and 'the Constitution presumptively protects that conduct. Bruen, 142 S. Ct. at 2126." *Range* at 13. Like Mr. Range's conduct, Mr. Shelton's conduct of possessing a firearm for the sole purpose of self-defense, is presumptively protected by the Second Amendment to our Constitution.[2]

The next issue *Range* resolved was 'whether the Government can strip him of his right to keep and bear arms. To answer that question, we must determine whether the Government has justified applying § 922(g)(1) to Range 'by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.' *Range* at 14, citing *Bruen* at 2130. After a thorough critique, the *Range* court held that the Government failed to satisfy that burden.

The government is similarly unable to carry its burden of proving a historical tradition of firearm regulation, as-applied to Mr. Shelton's case. Although the *Range* case may have been limited to Mr. Range, the Third Circuit still laid out its analytical framework for Second Amendment cases moving forward. Under the new paradigm, Mr. Shelton is one of "the people" that are protected by the Second Amendment.[3] As such, this Court should grant Mr. Shelton's Motion to dismiss his 922(g)(1) Charge.

WHEREFORE, Mr. Shelton respectfully requests that this Honorable Court grant his Motion to Dismiss 922(g)(1) charge.

---

[2] Mr. Shelton includes herein as if fully restated the arguments from his Position with Respect to Presentence Investigation Report (ECF No 164), (attached hereto as Exhibit D2) as well as those in his Sentencing Memorandum (ECF 166), (attached hereto as Exhibit D3), wherein he argued that his prior convictions are not felony convictions for purposes of ACCA.
[3] Mr. Shelton incorporates the arguments in his Motion to Dismiss 922(o) Charge (ECF No. 175), attached hereto as Exhibit D1, as if fully included herein.

Respectfully submitted,


By: */s/ Paul Jubas*

PAUL JUBAS, ESQUIRE
Pa. I.D. No.: 311832
PAUL JUBAS LAW, P.C.
506 Peebles St.
Pittsburgh, PA 15221
(412) 230-0023
pjubasesq@gmail.com

*Counsel for Mr. Shelton*