IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ORONDE SHELTON,<br><br>    Defendant. | 2:21-CR-216-CCW |

**MEMORANDUM ORDER**

Before the Court are Defendant Oronde Shelton's Motions to Dismiss the § 922(g)(1) and § 922(o) Charges in his Superseding Indictment, ECF Nos. 177 and 175, and Motion to Withdraw Guilty Plea. ECF Nos. 176. For the following reasons, the Court will DENY each of Mr. Shelton's motions.

**I.    The Motions to Dismiss**

    **A.    Background**

Mr. Shelton is charged by Superseding Indictment with (1) possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 1) and (2) possession of a machinegun, in violation of 18 U.S.C. § 922(o). ECF No. 94 at 1–4. The charged crime in Count 1 allegedly occurred on or around March 17, 2021; and the charged crime in Count 2 allegedly occurred in and around March 2021 through in and around April 2021. *Id.*

Specifically, Count 1 of the Superseding Indictment charges that Mr. Shelton unlawfully possessed a Glock, model 17, 9mm pistol; Federal 9mm Luger caliber ammunition, and a machinegun conversion device, having previously been convicted of thirteen crimes listed in

Count One of Superseding Indictment. Mr. Shelton's listed prior convictions include Conspiracy to Distribute and Possess with Intent to Distribute Heroin, in the United States District Court for the Western District of Pennsylvania; as well as the following convictions in either the Court of Common Pleas of Allegheny or Westmoreland Counties: multiple separate convictions for Homicide by Vehicle while Driving Under the Influence; Involuntary Manslaughter; Aggravated Assault by Vehicle; Forgery; Accident Involving Death of Personal Injury; Driving Under the Influence – Second Offense; Firearm not to be Carried Without a License; Escape; Recklessly Endangering Another Person; and multiple separate convictions for Possession of a Controlled Substance with Intent to Deliver,[1] all of which were punishable by imprisonment for a term exceeding one year. ECF No. 94 at 1–3. The same Glock pistol and machine gun conversion device are the subjects of Count 2.

On September 26, 2023, Mr. Shelton filed two Motions to Dismiss under Federal Rule of Criminal Procedure 12(b)(3), arguing that § 922(g)(1) and § 922(o) are unconstitutional. ECF Nos. 175, 177. Specifically, Mr. Shelton argues that § 922(g)(1) and § 922(o) are unconstitutional as applied to him under the Third Circuit's *en banc* decision in *Range v. Att'y Gen. U.S. of Am.*,

---

[1] Mr. Shelton's specific predicate convictions as listed in the Superseding Indictment are: (1) Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or More of a Mixture and Substance Containing a Detectable Amount of Heroin, on or about November 3, 2010, in the United States District Court for the Western District of Pennsylvania; (2) Homicide by Vehicle while Driving Under the Influence, on or about January 18, 2005, in the Court of Common Pleas of Allegheny County; (3) Homicide by Vehicle, on or about January 18, 2005, in the Court of Common Pleas of Allegheny County; (4) Involuntary Manslaughter, on or about January 18, 2005, in the Court of Common Pleas of Allegheny County; (5) Aggravated Assault by Vehicle while Driving Under the Influence, on or about January 18, 2005, in the Court of Common Pleas of Allegheny County; (6) Forgery, on or about January 18, 2005, in the Court of Common Pleas of Allegheny County; (7) Accident Involving Death or Personal Injury, on or about January 18, 2005, in the Court of Common Pleas of Allegheny County; (8) Driving Under the Influence – Second Offense, on or about January 18, 2005, in the Court of Common Pleas of Allegheny County; (9) Firearm not to be Carried Without a License, on or about February 29, 2000, in the Court of Common Pleas of Allegheny County; (10) Escape, on or about March 10, 1997, in the Court of Common Pleas of Westmoreland County; (11) Recklessly Endangering Another Person, on or about November 30, 1992, in the Court of Common Pleas of Allegheny County; (12) Possession of a Controlled Substance with Intent to Deliver, on or about November 30, 1992, in the Court of Common Pleas of Allegheny County; and (13) Possession of a Controlled Substance with Intent to Deliver, on or about November 30, 1992, in the Court of Common Pleas of Allegheny County. ECF No. 94 at 1–3.

69 F.4th 96 (3d. Cir. 2023) and the Supreme Court's decision in *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 142 S.Ct. 2111 (2022). ECF No. 175 at 5; 177 at 1–2.

To succeed on his as-applied challenges, Mr. Shelton must show that the statutes' application under the circumstances would deprive him of a constitutional right. *United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010). In ruling on Mr. Shelton's Rule 12(b)(3) Motions, the Court "accepts as true the factual allegations set forth in the indictment." *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990); *see United States v. Bergrin*, 650 F.3d 257, 265 (3d Cir. 2011). The parties have fully briefed the Motions, which are ripe for adjudication. *See* ECF Nos. 175, 177, 181, 183.

### B. Legal Analysis

#### i. Section 922(g)(1) is Constitutional As Applied to Mr. Shelton

The Court agrees with the United States that § 922(g)(1) does not violate the Second Amendment as applied to Mr. Shelton.

As a threshold matter, Mr. Shelton is "one of the people" protected by the Second Amendment, despite his multiple prior felony convictions. *See Range*, 69 F.4th at 101; ECF No. 181 at 9 (government's concession on this point). Next, the Court assumes without deciding that the Second Amendment's plain text applies to Mr. Shelton's proposed conduct—possession of a firearm for self-defense. *See Bruen*, 142 S. Ct. at 2134–35; ECF No. 177 at 3. Although the Second Amendment applies to Mr. Shelton and his proposed conduct, the Court concludes that the United States has met its burden to show that § 922(g)(1) as applied to Mr. Shelton is "consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2135. Therefore, § 922(g)(1) comports with the Second Amendment.

In addressing Mr. Shelton's Motion, the Court need not decide whether it is permissible to look beyond the allegations in the Superseding Indictment, because the United States has met its burden based on those allegations alone. Similarly, the Court need not write at length, because it joins, and benefits from the analysis of, a number of fellow judges in this District and Circuit, in concluding that § 922(g)(1) is constitutional as-applied.[2] *See, e.g.*, *United States v. Wise*, No. 21-511, 2023 WL 6260038, **11–14 (W.D. Pa. Sept. 26, 2023) (Hardy, J.); *United States v. Williams*, No. 22-cr-228, 2023 WL 6810569, **6–7 (W.D. Pa. Oct. 16, 2023) (Hardy, J.); *United States v. Hilliard*, No. 23-cr-110, 2023 WL 6200066, at *2 (W.D. Pa. Sept. 21, 2023) (Ranjan, J.); *United States v. Mackall*, No. 22-cr-111, ECF No. 95, at **5–8 (W.D. Pa. Oct. 17, 2023) (Schwab, J.); *United States v. Jones*, No. 20-cr-21, 2023 WL 6541040, at *1 (W.D. Pa. Oct. 6, 2023) (Bissoon, J.).

In short, Mr. Shelton's multiple prior convictions, including for drug trafficking, homicide by vehicle while driving under the influence, involuntary manslaughter, escape, and reckless endangerment, make him "a potential danger to society [who] cannot be trusted to obey firearm regulations" such as § 922(g)(1). *United States v. Johnson*, No. 23-cr-77, 2023 WL 6321767, at *3, (E.D. Pa. Sept. 27, 2023); *Williams*, 2023 WL 6810569, at **6–7 (citing cases) (finding government's historical analogues relevantly similar to defendant's predicate drug trafficking conviction); *Wise*, 2023 WL 6260038, at **4–7 (finding government's historical analogues sufficiently similar to defendant's predicate felony convictions, including drug trafficking, possession of a firearm by a felon, and endangering the welfare of children); *Jones*, 2023 WL 6541040, at *1 (finding government's historical analogues sufficiently similar to defendant's predicate offenses of carrying an unlicensed firearm and possessing a firearm after a felony and

---

[2] The Court incorporates by reference the historical analogues in the United States' briefing as if fully set forth herein. ECF No. 181 at 12–15.

defendant's current charge of possessing a firearm in furtherance of a drug trafficking offense because "the law has long recognized that 'drugs and guns are a dangerous combination'"); *United States v. Eddings*, No. 21-cr-117, 2023 WL 7194772, at *4 (W.D. Pa. Nov. 1, 2023) (Horan, J.) (finding government's historical analogues sufficiently similar to defendant's predicate offenses of attempted homicide, aggravated assault, and carrying an unlicensed firearm because the defendant was a "threat to public safety and to the orderly functioning of society").

Relatedly, Mr. Shelton is most unlike Brian Range. Mr. Range, a civil litigant seeking a declaratory judgment so he could buy a hunting rifle, had one prior conviction for making a false statement to procure food stamps. *Range*, 69 F.4th at 106. Mr. Shelton, who is currently charged with unlawful possession of a firearm by a convicted felon and unlawful possession of a machinegun, has numerous prior convictions, including for drug trafficking, homicide by vehicle while driving under the influence, escape, and reckless endangerment. *Williams*, 2023 WL 6810569, at *7; *Wise*, 2023 WL 6260038, at *13; *United States v. Owens*, No. 22-cr-89, 2023 WL 6624208 (W.D. Pa. Oct. 10, 2023) (Bissoon, J.) (concluding that defendant with current charges of possessing a firearm in connection with drug trafficking, and prior charges involving a firearm, was very different from Range). Thus, the Third Circuit's narrow holding that § 922(g)(1) was unconstitutional as applied to Mr. Range does not extend to Mr. Shelton, who is very differently situated. Accordingly, the Court finds that § 922(g)(1) is constitutional as applied to Mr. Shelton.

      **ii.**      **Section 922(o) is Constitutional As Applied to Mr. Shelton**

The Court agrees with the United States that, under the same analytical framework used in *Range*, § 922(o) is constitutional as applied to Mr. Shelton.

As noted above, Mr. Shelton is "one of the people" protected by the Second Amendment. *See supra* Section A.  But the Second Amendment does not protect Mr. Shelton's proposed conduct—possession of a machinegun for self-defense.  *District of Columbia Heller*, 554 U.S. 570, 624 (2008) (reasoning that it would be "startling" to conclude that "restrictions on machineguns . . . might be unconstitutional"); *United States v. One (1) Palmetto State Armory PA-15 Machinegun Receiver/Frame*, 822 F.3d 136, 141–44 (3rd Cir. 2016) ("[T]he Second Amendment does not protect the possession of machine guns.  They are not in common use for lawful purposes."); *see* ECF No. 181 at 20 (citing multiple circuit courts upholding bans on machineguns because the Second Amendment does not encompass that type of firearm).

Because the Second Amendment does not apply to Mr. Shelton's proposed conduct, the United States need not show that § 922(o) as applied to Mr. Shelton is "consistent with the Nation's historical tradition of firearm regulation."  *See Bruen*, 142 S. Ct. at 2135.  But even if the Second Amendment encompasses the right to possess a machinegun, the United States has provided sufficient historical analogues under *Bruen*.[3]  *Heller*, 554 U.S. at 627 (concluding that there is a "historical tradition of prohibiting the carrying of 'dangerous and unusual weapons'"); *Bruen*, 142 S. Ct. at 2143 (acknowledging that "colonial legislatures sometimes prohibited the carrying of 'dangerous and unusual weapons'"); *United States v. Ladson*, 2023 WL 6810095, at *6 (E.D. Pa. Oct. 16, 2023) (explaining that a limitation of semiautomatic weapons and machineguns "accords with the historical understanding" of the Second Amendment because it is "fairly supported by the historical tradition of prohibiting the carrying of 'dangerous and unusual weapons'") (citing *Heller*, 554 U.S. at 625–27).

---

[3] The Court incorporates by reference the historical analogues in the United States' briefing as if fully set forth herein.  ECF No. 181 at 21–22.

**II.     The Motion to Withdraw Mr. Shelton's Guilty Plea**

    **A.     Background**

On February 16, 2023, the Court held a change of plea hearing, during which Mr. Shelton withdrew his plea of not guilty and entered a plea of guilty as to Counts 1 and 2 of the Superseding Indictment. ECF Nos. 152, 153. On September 26, 2023, Mr. Shelton filed a Motion to Withdraw Guilty Plea as to both Counts. ECF No. 176. Mr. Shelton seeks to withdraw his plea, arguing there has been a paradigmatic shift in Second Amendment jurisprudence after the United States Court of Appeals for the Third Circuit's decision in *United States v. Range*, 69 F.4th 96 (3d. Cir. 2023). ECF No. 176 at 2. On October 11, 2023, the United States filed a Response, contending that Mr. Shelton has failed to maintain his innocence, that a withdrawal of his guilty plea would prejudice the government, and that because Mr. Shelton's arguments for dismissal under *Range* fail, he has no basis to withdraw his guilty plea. ECF No. 181 at 22–24.

Federal Rule of Criminal Procedure 11(d) governs motions to withdraw a guilty plea. Under that Rule, a defendant may withdraw a guilty plea that the court has accepted by showing a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The "fair and just" inquiry turns on three factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Rivera*, 62 F.4th 778, 788 (3d Cir. 2023) (quoting *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003)). Within this framework, "[a] shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Id.* (quoting *Jones*, 336 F.3d at 252). Ultimately, it

7

is the defendant's "substantial burden" to show that there is a "fair and just" reason for the withdrawal. *Id.*

B.   **Legal Analysis**

Mr. Shelton has failed to carry his substantial burden. He first maintains that he has "continually asserted his innocence" because he testified at the February 2023 evidentiary hearing that he was acting in self-defense. ECF No. 176 at 1. But "[b]ald assertions of innocence . . . are insufficient to permit a defendant to withdraw [his] guilty plea. Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *United States v. Kwasnik*, 55 F.4th 212, 217 (3d Cir. 2022). Moreover, the defendant must "give sufficient reasons to explain why contradictory positions were taken before the district court." *Id.* Here, Mr. Shelton has merely made a bald assertion that he is innocent; he has failed to provide facts in the record that support a self-defense claim and he has not provided reasons explaining why he previously pleaded guilty. Furthermore, the evidence in the record indicates that Mr. Shelton is neither factually nor legally innocent. *See United States v. Berkowitz*, No. 22-1967, 2023 WL 2064510, at *3 (3d Cir. Feb. 17, 2023) (finding that the defendant "did not make a credible assertion of innocence" given that "the evidence against [him] was overwhelming"). Mr. Shelton testified both at the February 2, 2023 evidentiary hearing and at his change-of-plea hearing that he possessed the machinegun in question and that he knew he had prior felony convictions. ECF No. 171 at 54–55, 65–66, 70. Further, the Court already ruled that Mr. Shelton was not justified in possessing the machinegun. ECF No. 147. Therefore, to the extent that Mr. Shelton asserts his innocence, it is insufficient to warrant a withdrawal of his guilty plea.

Next, Mr. Shelton argues that his reasons for withdrawing the plea "are very strong" due to the "paradigm shifting precedent" in the Third Circuit after *Range*. ECF No. 176 at 2. Because

the Court will deny Mr. Shelton's Motions to dismiss the charges under §§ 922(g)(1) and (o), the *Range* decision and subsequent Second Amendment jurisprudence are not sufficient reasons to support the withdrawal of Mr. Shelton's guilty plea.

Finally, although the United States need not prove prejudice, the Court agrees that the United States would be prejudiced if Mr. Shelton were permitted to withdraw his plea. ECF No. 181 at 24 (noting that the case has been pending for over two years and the United States has twice prepared extensively for trial); *United States v. Robinson*, 427 Fed. Appx. 163, 168 (3d Cir. 2011) ("The third factor, prejudice to the government, is not reached when 'a defendant has failed to demonstrate that the other factors support a withdrawal of a plea.'"). Therefore, the Court finds that Mr. Shelton does not have a "fair and just reason" to withdraw his guilty plea. Accordingly, the Court will DENY his Motion.

### III. Conclusion

For the foregoing reasons, it is HEREBY ORDERED that Mr. Shelton's Motion to Dismiss the § 922(g)(1) Charge, the Motion to Dismiss the § 922(o) Charge, and the Motion to Withdraw Guilty Plea are HEREBY DENIED.

DATED this 28th day of November, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record