IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-216 |
| | ) | |
| ORONDE SHELTON | ) | |

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING
AND NOTICE OF INTENT TO SEEK UPWARD VARIANCE

AND NOW, comes the United States of America, by and through Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Barbara K. Doolittle, Assistant United States Attorney for said district, and respectfully files the following Sentencing Memorandum and Notice of Intent to Seek Upward Variance in the above-captioned case:

On February 16, 2023, Oronde Shelton pled guilty to possessing a firearm and ammunition as a convicted felon and to possessing a machinegun before this Honorable Court. There was no plea agreement between the parties; Shelton pled to the Superseding Indictment as filed. For more than three years, the parties have been litigating the defendant's sentence. Throughout that time, the government's position has been that Shelton is an Armed Career Criminal and that the application of the sentencing factors under 18 U.S.C. § 3553(a) requires a term of imprisonment at the high end of his sentencing guidelines, 262 months. This remains the government's position as to the appropriate sentence for Shelton.

On February 13, 2024, Shelton was sentenced to a term of imprisonment of 120 months followed by a three-year term of supervised release. At that time, the Court had determined that the Armed Career Criminal Act (18 U.S.C. § 924(e)) establishing a 15-year mandatory minimum sentence and an enhanced guideline range sentence was not applicable to Shelton. The Court had also determined that a 4-level increase in the offense level under U.S.S.G. § 2K2.1(b)(7)(B) was

applicable. The resulting guideline sentencing range, based on a Criminal History Category of III and a total offense level of 22, was 51 to 63 months of imprisonment.

In its reasoning, the Court noted that 10 years of incarceration – an upward variance from the guideline range - represented its "considered judgment as to an appropriate sentence given all of the facts and circumstances of this particular case." Doc. No. 207 at 65. Shelton's conduct was "extremely flagrant and dangerous" and he "admitted that he used this machinegun more than once." *Id.* at 67. Shelton has "a history of violating provisions of court supervision and returning to criminal conduct" and "is not learning his lesson." *Id.* at 68. Importantly, the Court found the 120-month sentence to be "sufficient, but not greater than necessary, to serve the purposes of sentencing," noting that "any lesser sentence would not be." *Id.*

After questions about the application of the Armed Career Criminal Act (ACCA) were addressed to the Third Circuit Court of Appeals, this case was remanded for Shelton's re-sentencing. Another Presentence Investigation Report (PSR) dated January 22, 2026, was submitted to the Court and the parties. In it, the U.S. Probation Office maintains its position that the ACCA and the enhancements attached thereto are applicable to the defendant. PSR at ¶ 34. The government agrees with this assessment; Shelton does not and filed a motion to bar the application of the ACCA to his sentencing guidelines (Doc. No. 236). The Court issued an Order (Doc. No. 245) granting the defendant's motion and deciding that because Pennsylvania's cocaine statute is broader than its federal counterpart, Shelton's prior cocaine trafficking-related convictions could not serve as predicates for the purposes of the ACCA.

Without the ACCA enhancements, the resulting total offense level for Shelton's conduct is again 22. Shelton's Criminal History Category (III) likewise has not changed. *See* PSR at ¶ 48. The resulting sentencing guideline range is, again, 51 to 63 months of imprisonment. That is, the parties are in the same position they were in on February 13, 2024. The government

respectfully requests that the Court again sentence the defendant to a term of imprisonment of 120 months (10 years).

In so requesting, the government seeks an upward variance as it did at Shelton's prior sentencing hearing. The facts and circumstances to be considered under 18 U.S.C. § 3553(a) remain the same: his behavior was "very dangerous to the community, to the public" and a statutory maximum sentence is "necessary, among other reasons, to protect the public from further crimes by Mr. Shelton and to deter him from committing future crimes." Doc. No. 207 at 68.

The government's arguments in its Sentencing Memorandum at Doc. No. 167, and its oral argument at the February 13, 2024, hearing (Doc. No. 207), remain salient and are incorporated by reference herein. For those reasons, and the reasons articulated by the Court at Shelton's prior sentencing hearing, the government respectfully requests that the Court sentence the defendant, Oronde Shelton, to a term of imprisonment of 120 months, the statutory maximum term of incarceration for the crimes to which he admitted and of which he has been convicted.

Respectfully submitted,

TROY RIVETTI
United States Attorney

*s/ Barbara K. Doolittle*
BARBARA K. DOOLITTLE
Assistant U.S. Attorney
PA ID No. 204338